UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZELL MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP COOK, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01033 JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS BARRED |

　　　　In this action, the plaintiff contends he suffered a wrongful arrest by defendant Ruiz on June 28, 2017 after defendant Cook harassed him and his family. (Doc. 1)  In essence, he claims his arrest was without probable cause because he claims, "Officer H. Ruiz incarceration of me off statement of he say she say.  Officer Ruiz had no other reason to put me in jail on 6-28-16." Id. at 3.

　　　　Notably, on September 16, 2016, pleaded no contest to a violation of California Penal Code section 148(A)(1) (resisting arrest) and a violation of California Penal Code section 245(A)(4) (assault on a person causing great bodily injury) stemming from his arrest on June 28, 2016[1].  As a result, the plaintiff was sentenced to four years in prison.

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court make take judicial notice of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738

1

In Heck v. Humphrey, 512 U.S. 477, 487-488 (1994), the Court determined,

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

"[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir.2005), cert. denied, 545 U.S. 1128, 125 S.Ct. 2938, 162 L.Ed.2d 866 (2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996). "[A] plea of nolo contendere in a California criminal action has the same effect as a guilty plea or jury verdict of guilty" when evaluating a Heck claim. Nuno v. County of San Bernardino, 58 F.Supp.2d 1127, 1135 (C.D.Cal.1999).

The plaintiff's claim that the arrest was without probable cause is directly contrary to the finding of the Kern County Superior Court holding the plaintiff to answer on the charges and is contrary to the ultimate judgment that the plaintiff was guilty of the offenses. Thus, unless there is a showing that the conviction has been set aside, Heck precludes this action. Moreover, in light of the plaintiff's no contest plea to the charges, it is nearly impossible for this to occur.

Consequently, the Court **ORDERS**:

1.   **Within 30 days**, the plaintiff **SHALL** show cause in writing why the action should not be dismissed as barred.

///

///

---

(6th. Cir. 1980). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case, *People v. Ezell Moore*, case number BF164651A.

**Plaintiff is advised that his failure to comply with this order will result in an order dismissing this case.**

IT IS SO ORDERED.

Dated: __**February 22, 2017**__           _____/s/ Jennifer L. Thurston_
                                                                    UNITED STATES MAGISTRATE JUDGE