# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZELL MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILLIP COOK, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01033-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1, 9)**<br><br>**21-DAY DEADLINE** |

**I.    Findings**

Plaintiff contends he suffered a wrongful arrest by defendant Ruiz on June 28, 2017 after defendant Cook harassed him and his family. (Doc. 1.) In essence, he claims his arrest was without probable cause because he claims, "Officer H. Ruiz incarceration of me off statement of he say she say. Officer Ruiz had no other reason to put me in jail on 6-28-16." (*Id.* at 3.) Notably, on September 16, 2016, pleaded no contest to a violation of California Penal Code section 148(A)(1) (resisting arrest) and a violation of California Penal Code section 245(A)(4) (assault on a person causing great bodily injury) stemming from his arrest on June 28, 2016.[1] As

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court make take judicial notice of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing

1

a result, the plaintiff was sentenced to four years in prison. Thus, on February 22, 2017, the Court ordered Plaintiff to show cause why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). (Doc. 9.) Despite lapse of nearly three months, Plaintiff did not file any response to that order.[2]

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

**II.      Conclusion & Recommendations**

Plaintiff's claims challenge his arrest, conviction, and sentence, which may be brought only in a petition for a writ of habeas corpus. Thus, Plaintiff has failed to state any claims that are cognizable under section 1983 until the actions he complains of have been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Plaintiff need not be given

---

Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case, *People v. Ezell Moore*, case number BF164651A.

[2] The docket shows that the OSC was returned as undeliverable "Not in Custody" on March 6, 2017. Plaintiff was informed of his duty as a *pro se* litigant, he has a duty to notify the Clerk of the Court of any change of his address. (Doc. 3.) Thus, it appears that Plaintiff has abandoned this action.

leave to amend as these deficiencies are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Based on the foregoing, the Court RECOMMENDS that the Complaint (Doc. 1) be dismissed without prejudice for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 8, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE